James P. **TENILLE, Robert Smet, Adelaida Deleon** and **Yamilet Rodriguez, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

The **WESTERN UNION COMPANY** and **Western Union Financial Services, Inc., Defendants.**

**Civil Action Nos. 09–cv–00938–JLK– KMT, 10–cv–00765–JLK.**

United States District Court, D. Colorado.

Sept. 10, 2013.

---

Seth Alan Katz, Burg, Simpson, El-dredge, Hersh & Jardine, PC, Englewood, CO, Christopher Adam Seeger, Seeger Weiss LLP, New York, NY, James Edward Cecchi, Carella Byrne Cecchi Olstein Brody & Agnello, P.C., John M. Agnello, Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, Roseland, NJ, Jamie Elisabeth Saltz Weiss Jeffrey A. Leon, Highland Park, IL, Jimmy Spurlock Calton, Jr., Calton Legal Services, Eufaula, AL, Jonathan N. Shub, Seeger Weiss LLP, Philadelphia, PA, Mitchell Baker, Mitch Baker, Attorney at Law, Denver, CO, Richard Joseph Burke Complex Litigation Group LLC, St. Louis, MO, for Plaintiffs.

Geraldine Mary Alexis, Jason A. Yurasek, Perkins Coie LLP, San Francisco, CA, Laura Lisa Sandoval, Steptoe & Johnson, LLP, New York, NY, Leonard H. MacPhee, Perkins Coie LLP, Denver, CO, Thomas Milton Barba, Steptoe & Johnson LLP, Washington, DC, for Defendants.

### ORDER GRANTING CLASS PLAIN-TIFFS' MOTION FOR APPEAL BOND (Doc. 268)

KANE, Senior District Judge.

Final judgment approving a nationwide class-action settlement in this litigation was entered in June 2013. Since then, two objectors—out of a class numbering more than one million members—have filed notices of appeal. The Settlement Class has filed a Motion for Appeal Bond under pursuant to Rule 7 of the Federal Rules of Appellate Procedure (Doc. 268), arguing the appeals of objectors Sikora West and Paul Dorsey are substantively baseless and will operate to delay the implementation of a hard-fought nationwide class-action settlement that has already been deemed to be fair and to provide "excellent relief" to the class. Plaintiffs seek entry of a cost bond to cover the supplemental notice that will be necessary to inform the class of the pendency of the appeal, the additional settlement administration costs that will accrue on a monthly basis as a result of the delay, and printing and copying costs associated with the preparation of a supplemental record on appeal.

Only Ms. Nelson has filed a response to Plaintiffs' Motion, and I am unpersuaded by her argument that the cost bond at issue is a "bullying" tactic aimed at thwarting a "meritorious" appeal and that imposing it would strike a "historic blow to the legal rights of objecting class members." The appeal, like the objection it seeks to vindicate, is not meritorious, but even if it were, the costs it imposes on the Settlement Class and the claims process that will be delayed as a result are substantial and undisputed. I GRANT the Motion and will require an appeal bond in the amount of **$1,007,294** to cover the potential costs of Objector Nelson's and Objector Dorsey's appeals, itemized as follows:

A. $647,674 for the costs of providing a supplemental notice to the Settlement Class;

B. $334,620 to cover increased settlement administration costs of $37,180 per month for nine months; and

C. $25,000 to cover the costs of printing and copying and preparation of a supplemental record on the appeals.

The $1,007,294 bond shall be payable jointly and severally by the two appealing objectors.